1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Allison R. Schmidt, Esq.
Nevada Bar No. 10743
ALLISON R. SCHMIDT ESQ. LLC
8465 W. Sahara Ave.
Suite 111-504
Las Vegas, Nevada 89117
Phone: (702) 387-7222
Fax: (702) 387-7222
Email: Allison@nevadaslawyers.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD B. HOGUE,<br><br>                  Plaintiff,<br>      vs.<br>ALLIED COLLECTION SERVICE, INC; SELENE FINANCE, LLC; MOUNTAIN AMERICA CREDIT UNION; SILVER STATE SCHOOLS CREDIT UNION; IBEW PLUS CREDIT UNION; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC,<br>                Defendants. | CASE NO. **2:16-cv-01620-JCM-VCF**<br><br><br>**REPLY IN SUPPORT OF COUNTERMOTION UNDER 15 U.S.C. 1681N(C) FOR ATTORNEY'S FEES** |

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Richard Hogue ("Plaintiff") files this brief reply to Defendant Silver State Schools' ("Silver State") response to Plaintiff's countermotion for Attorney's Fees.[1]  This reply is supported by the following Memorandum of Points and Authorities, as well as the pleadings and other filings made in this case.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.  Silver State ignored the Ninth Circuit's controlling precedent in *Guimond v. Trans Union Corp.* when it filed its motion for summary judgment, and again ignored this controlling precedent when suggesting that Plaintiff had brought his complaint in bad faith.**

Plaintiff's countermotion for attorney's fees pointed out that over twenty years ago, the Ninth Circuit Court of Appeals found in *Guimond v. Trans Union Credit Information Co.* that a denial of credit is not a prerequisite to recovery of damages under the Fair Credit Reporting Act.[3]  Subsequent unpublished decisions have reversed trial courts for clear error when they required information to be present on a consumer report in order to allege FCRA damages;[4] the District of Nevada upheld *Guimond*'s unambiguous Ninth Circuit precedent as recently as two days ago.[5]  Yet, Silver State advocated in its motion for summary judgment that Plaintiff was *required* to provide that information was on a consumer report sent to a third party; thereafter, Silver State relied on this patently incorrect characterization of controlling Ninth Circuit precedent to claim that Plaintiff acted in "bad faith" by bringing this lawsuit at all.

---

[1] ECF Dkt. 76 ("Motion").  Plaintiff files his countermotion separately.  Since the exhibits attached are relevant to Plaintiff's Countermotion, they are attached to that filing only.

[2] Because this is a reply to his countermotion, Plaintiff does not address the arguments Silver State placed in its own reply in Part III, and confines this reply to Part IV of the filing.  *See* Silver State's Response to Countermotion, ECF Dkt. 79, at 2-8 ("Response").

[3] *See* Plaintiff's Motion for Summary Judgment, ECF Dkt. 42, at 27 & n.204 ("Plaintiff's MSJ"); *see also* 45 F.3d 1329, 1333 (9th Cir. 1995) ("Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA.").

[4] *See Ottanio*, 54 F. App'x at 640 (citing *Guimond*, 45 F.3d at 1333, and vacating District Court's award of attorney's fees and sanctions assessment in case brought against consumer reporting agency, and finding that the District Court "erred by finding that [the plaintiff] failed to prove injury because he did not allege that defendant issued any reports after he notified defendant of the dispute.").

[5] *See Le v. Equifax Info. Servs., LLC*, No. 16-cv-2393-RFB-GWF, 2018 WL 1383808, at *2 (D. Nev. Mar, 19, 2018) (quoting *Guimond*, 45 F.3d at 1333).

Having been now reminded for the second time that its argument regarding the controlling law was simply wrong, Silver State now attempts to distinguish the *Guimond* decision by arguing that in *Guimond*, the defendant had not challenged that there were inaccuracies on a credit report, and the issue which remained was whether damages could be assessed.[6]  This attempt to "distinguish" *Guimond* stands for nothing more than a rehash of the legal maxim that in order to recover damages, there must be a finding of liability first.  Obviously, the question of Silver State's liability will be a central issue on appeal; conversely, the Court's findings regarding the scope of Plaintiff's damages are mere dicta in light of its other substantive holdings.[7]  But Silver State's feeble attempt at distraction cannot hide the fact that it plainly argued that Plaintiff could *never have recovered* for damages because the information was not on a consumer report sent to a third party – and that failure was so obvious, it made Plaintiff's complaint subject to imposition of attorney's fees.  Silver State's misrepresentation of the law remains the basis for its attorneys-fee motion, which it knew or should have known was wrong as soon as it was filed.  An award of attorney's fees in favor of Plaintiff is justified in this circumstance.

**2. Even assuming Silver State did not misrepresent controlling Ninth Circuit precedent when it relied on *Wantz* to support its damages arguments, Silver State knew that the discovery it elicited in this case gave Plaintiff good-faith basis to bring this lawsuit – but withheld these facts from the Court in its motion for attorney's fees.**

More troublingly, even if Silver State was somehow correct that the Court should ignore the Ninth Circuit's controlling precedent in *Guimond*, Silver State continues to ignore the facts actually developed in this case which would have given Plaintiff a good-faith basis to bring these claims even under *Wantz*.  Specifically, as pointed out in Plaintiff's countermotion, Plaintiff's credit information was accessed by DirecTV during a period in which both parties agree that the disputed information appeared in Plaintiff's consumer files at the CRAs.[8]  Silver State directly questioned Plaintiff about this DirecTV pull during his deposition, and Plaintiff testified that he had knowledge that DirecTV

---

[6] Response, at 11.

[7] This sets aside, at present, the Court's conclusion that Silver State failed to allege that Silver State failed to send the results of reinvestigation to all other CRAs.

[8] *See* Motion, at 7-8.

- 3 -

would be accessing his credit.[9]  Thus, even under Silver State's mischaracterization of the controlling

precedent on damages, Plaintiff had a good-faith basis for bringing his claims, and Silver State knew

it when it filed its motion.[10]  Tellingly, Silver State does not even attempt to respond to Plaintiff's

charge that it *knew* about Plaintiff's testimony regarding the DirecTV inquiry in its response.[11]  As

such, Silver State filed the motion for attorney's fees in bad faith.

> **3. Silver State's other arguments demonstrate that attorney's fees should be granted in Plaintiff's favor for having to respond to Silver State's frivolous and misleading motion for attorney's fees.**

Silver State also contends that Plaintiff's countermotion is untimely because the Court's

order was entered on February 7, 2018.[12]  This misunderstands the basis for Plaintiff's motion for

attorney's fees.  Plaintiff's motion is premised on the fact that Silver State's motion for attorney's

fees itself was filed for bad faith and purposes of harassment – as its filing continued to misrepresent

the scope of controlling Ninth Circuit precedent and wrongfully suggested that Rule 68 could serve

as the basis of its fee request when a basic understanding of the law would have cautioned

otherwise.[13]

15 U.S.C. § 1681n(c) provides that the Court may award attorney's fees against any litigant

who "files" an unsuccessful pleading which was "filed in bad faith or for purposes of harassment"

Obviously, Plaintiff could not file his motion for attorney's fees on the basis of a document that was

not filed until after the judgment was entered.  In this respect, Silver State filed its motion for

attorney's fees on February 21, 2018; responses were due on March 7, which is the date Plaintiff

filed his countermotion for attorney's fees.  The motion was timely.[14]

Silver State next claims that attorney's fees should not be awarded against it because the

---

[9] *See id.*
[10] Motion, at 18.
[11] *See* Response, at 8-14.
[12] Response, at 10.
[13] *See* Motion, at 16.
[14] *See* ECF Dkt. 71, 76.  Indeed, if Silver State is correct that a motion for attorney's fees under Section 1681n(c) must be filed only *after* its own motion is denied, then Plaintiff's motion is clearly not untimely.

1  motion was not "unsuccessful."[15]   However, it is not the present or prospective status of the motion,

2  but rather the positions taken therein, which governs Plaintiff's request for attorney's fees.

3  Specifically, Silver State has demonstrated a pattern and practice of similar patent misrepresentations

4  of the governing law in order to mislead the Court in this case and others; as outlined in Plaintiff's

5  motion, Silver State has done so on numerous occasions.  First, it claimed that a "consumer report"

6  did not include a provision for other consumer reports (and used this misrepresentation as the basis of

7  a Rule 11 letter which it sent to Plaintiff's counsel in another matter).[16]   Second, it avoided the

8  controlling precedent of *Guimond*, instead arguing that *Wantz* controlled for purposes of establishing

9  FCRA damages,[17] and relied on this patently incorrect misstatement of the law in its motion for

10  attorney's fees.[18]   In its motion for attorney's fees, it also argued that Rule 68 could be used to

11  provide a basis for an award of fees.[19]   This pattern has resulted in the needless duplication of

12  proceedings, in the form of its own motion for attorney's fees, which Plaintiff was obligated to

13  respond to.  Further, Silver State's motion for attorney's fees was filed after the litigation had

14  concluded, and thus its arguments that there had been "no problems" with discovery or that the

15  proceedings in this case had not been "delayed" are red herrings.[20]

16

17       Finally, Silver State also contends that the motion is meritorious because "[f]inancial

18  institutions who correctly report credit histories should never have claims for violation[s] of the

19  FCRA brought against them."[21]   Setting aside the fact that Plaintiff vigorously disputes whether

20  Silver State's reporting was accurate – a point which will obviously be the centerpiece of his appeal –

21  Silver State's proclamation that accurate credit reporting immunizes it from *all* FCRA liability

22

23  [15] *See* Response, at 10.
    [16] Motion, at 16-17.  Silver State's argument that the Court's consideration of this letter is an
    "irrelevant exercise."  Response, at 11.

24  [17] *See* Silver State's Motion for Summary Judgment, ECF Dkt. 43, at 9-10 ("Silver State

25  MSJ").
    [18] *See* Silver State's Motion for Attorney's Fees, ECF Dkt. 71, at 6 ("Attorney's Fees

26  Motion") ("Plaintiff had no evidence that any third-party ever saw the credit report that was
    allegedly harming his credit rating.  Without that basic fact, there could be no violation of the

27  FCRA and no basis for any harm or damages.").
    [19] *See id.* at 5-6.

28  [20] Response, at 8-9.
    [21] *Id.* at 12.

demonstrates a complete lack of understanding of the scope of its duties under that statute. According to Silver State, its accurate reporting of credit information immunizes it from liability which had *nothing to do* with the accuracy of its credit reporting – such as its invasion of consumer privacy when it procures consumer reports for an impermissible purpose.[22]   Silver State's myopic view of the scope of its responsibilities under the FCRA is not shared by Congress.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's countermotion for attorney's fees incurred in responding to the misrepresentations of law and fact contained in Silver State's attorney's fees motion.

Dated: March 21, 2018

Respectfully submitted,

*/s/ Miles N. Clark*
Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

Allison R. Schmidt, Esq.
ALLISON R. SCHMIDT ESQ. LLC
8465 W. Sahara Ave.
Suite 111-504
Las Vegas, Nevada 89117

Attorneys for Plaintiff

---

[22] *See, e.g.*, 15 U.S.C. § 1681b.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2018, and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **REPLY IN SUPPORT OF COUNTERMOTION UNDER 15 U.S.C. 1681N(C) FOR ATTORNEY'S FEES** was served via the U.S. District Court's electronic filing system to all individuals entitled to receive service thereon.

/s/ Miles N. Clark
Knepper & Clark LLC