UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD B. HOGUE, | Case No. 2:16-CV-1620 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ALLIED COLLECTION SERVICE, INC., et al, | |
| Defendant(s). | |

Presently before the court is defendant Silver State School Credit Union's ("Silver State") motion for attorney's fees. (ECF No. 71). Plaintiff Richard Hogue filed a response (ECF No. 77), to which Silver State replied (ECF No. 80).

Also before the court is plaintiff's motion for attorney's fees. (ECF No. 76). Silver State filed a response (ECF No 79), to which plaintiff replied (ECF No. 81).

**I.    Facts**

This action arises from plaintiff's allegation that Silver State failed to properly investigate a credit dispute of a report that included an auto loan discharged through bankruptcy. (ECF No. 1). Plaintiff alleged that Silver State's unreasonable investigation resulted in an erroneous report of plaintiff's derogatory credit information to Experian in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). (ECF No. 1).

On February 7, 2018, after approximately 18 months of litigation, the court granted Silver State's motion for summary judgment. (ECF No. 66). The court held that Silver State's investigation in response to plaintiff's dispute was reasonable under FCRA and that plaintiff did

not incur damages. (*Id*.). On the same day, the court entered judgment in favor of Silver State. (ECF No. 67).

On February 21, 2017, Silver State filed a motion for attorney's fees. (ECF No. 71). On March 7, 2017, 28 days after the court entered judgment, plaintiff filed a countermotion for attorney's fees. (ECF No. 79).

**II.     Legal Standard**

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

**III.    Discussion**

   *a. Silver State's motion for attorney's fees*

Silver State argues that it is entitled to attorney's fees on two grounds: (1) pursuant to FRCA, and (2) under Federal Rule of Civil Procedure 68(d).

   *i. FCRA*

The FCRA provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in *bad faith or for purposes of harassment*, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c) (emphasis added). In the context of attorneys' fees, bad faith may be established based on a showing that the plaintiff's action was unfounded from the outset, frivolous,

James C. Mahan
U.S. District Judge

- 2 -

or brought for the purpose of harassment. See *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 421 (1978).

Silver States primarily argues that plaintiff's claims were unfounded from the outset because the credit report in dispute did not have any errors and plaintiff failed to provide evidence that a third-party ever saw the report. (ECF No. 71). However, plaintiff's failure at summary judgment was a result of unsuccessful discovery and unpersuasive legal arguments. These shortcomings are not sufficient to establish bad faith.

    ii. Rule 68(d)

Federal Rule of Civil Procedure 68 allows a party to make an offer of judgment at least 14 days before the date set for trial. Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1026 (9th Cir. 2003).

Plaintiff cites *MRO Communications*, which holds that "Rule 68 is inapplicable in a case in which the defendant obtains judgment." *MRO Commc'n, Inv. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Rather, when a defendant prevails "the trial judge retains his Rule 54(d) discretion." *Id*. (citation omitted). Accordingly, because plaintiff did not act in bad faith, the court will deny Silver State's motion for attorney's fees.

    b. Plaintiff's motion for attorney's fees

Under Local Rule 54-14, a motion for attorney's fees "must be filed with the court and served within 14 days of entry of the final judgment or other order disposing of the action." LR 54-14. Plaintiff filed his motion for attorney's fees 28 days after the court issued its order and entered judgment. Accordingly, the court will deny plaintiff's motion for attorney's fees. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

. . .

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Silver State's motion for attorney's fees (EF No. 71) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for attorney's fees (ECF No. 76) be, and the same hereby is, DENIED.

DATED September 7, 2018.

_____
UNITED STATES DISTRICT JUDGE